(7)              BUTLER, FOR THE USE OF HOUTS, *v.* JOHNSON.

A power of attorney from A. to B., to sue for and recover a debt due to said A. from C., and when recovered, to receive and receipt for the said judgment; one half of which was to be to the proper use of the said attorney, the other half to the use and benefit of said A; B. was styled in the power of attorney " the true and lawful attorney in fact, irrevocable of said A."—held that B. cannot claim to have it paid over to him by the Sheriff collecting under execution.

ON APPEAL from the Circuit Court of New Madrid county.

WASH, J., delivered the opinion of the Court.

This was a motion against the Sheriff, to compel him to pay over money collected on execution, the Circuit Court, looking into the whole matter, ordered the Sheriff to pay over the money to the attorneys of the plaintiff, subject to the further order of that Court; from which order the plaintiff appealed to this Court. The facts, as they are preserved by a bill of exceptions, are, that Butler gave Houts a power of attorney to sue for and recover a debt, due to said Butler, from one James Evans, and when recovered, to receive and receipt for the said judgment. One half of which was to be to the proper use of him said attorney, the other half for the use and benefit of said Butler; Houts was styled in the power of attorney " the true and lawful attorney in fact, irrevocable of said Butler." Suit was instituted in the name of said Butler, against said Evans, and shortly thereafter, a copy of the aforesaid power of attorney from Butler to Houts was placed in the hands of the Sheriff, in order to prevent him from paying over the money, when collected, to the plaintiff, Butler. After judgment was obtained, and soon after making a levy of the execution, said Evans showed to the Sheriff a release of said execution, and of the judgment on which it issued, from said Butler to said Evans; and an order in writing, that said Sheriff should return said execution satisfied; and said Butler went in person to said Sheriff, and told him he had given said release to said Evans, and directed him to restore to Evans the property he had levied on; and to return the execution satisfied, &c. The Sheriff doubting the authority of Butler to give the release and order aforesaid, retained the property he had levied on, and was afterwards ordered by Butler to sell the same, which was done accordingly. At the sale of the property (8) taken in execution, Butler purchased to the amount of $184 87 1-2, and gave the Sheriff a receipt on the execution for that sum. The balance of the judgment with the costs, was raised by the sale of other property to different persons; the costs were paid over to those entitled to receive them, and the balance of the judgment of $119 43 was ordered by the Circuit Court to be paid over to the attorneys of the plaintiff, to be by them retained until the further order of the Court. The Sheriff appealed from this order, and assigns for error, among other things, that the Circuit Court erred in ordering said Sheriff to pay over the money to the attorneys of the plaintiff.

Butler, &c., *v.* Johnson.

On this point the law is with the appellant, and the judgment or order of the Circuit Court must be reversed and the cause remanded. The proper disposition of the money is a matter of more difficulty. From the whole record, we think that Houts cannot claim to have it paid over to him. His authority under the power of attorney, was to sue for and collect. He had no such title or interest as made it the Sheriff's duty to pay over the money to him, though he might perhaps have been justified in so doing. If the truth be, that the power of attorney was intended as an assignment of one half of the debt due from Evans to Butler, and was made for a good or valuable consideration, and that known to Evans, it might make a pretty strong case for the equitable interference of the Circuit Court. With that, at present, we have nothing to do. Butler (if the fact be that he executed the release, and gave directions to the Sheriff to restore the property levied on, and return the execution satisfied,) has certainly no right to call upon the Sheriff now, to pay over the money to him. Upon the whole matter, the Circuit Court is directed to permit the Sheriff to retain the money until that fact be ascertained.